UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN W. MATHENEY, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| | ) **COLLECTIVE ACTION PURSUANT TO** |
| | ) **29 USC § 216(b)** |
| | ) |
| vs. | ) CASE NO.   2:17-CV-472 |
| | ) |
| POLYONE CORPORATION, | ) |
| | ) |
| Defendant | ) |

***PLAINTIFF'S INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

### I.  STATEMENT OF THE CASE

Plaintiff John W. Matheney ("Matheney") brings this collective action against Defendant PolyOne Corporation. ("PolyOne") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for overtime pay violations.  Matheney brings this action for himself and for all current and/or former hourly-paid employees of PolyOne who worked for PolyOne at its Terre Haute, Indiana location and who were similarly subjected to PolyOne's compensation scheme whereby PolyOne was not compensating employees for all compensable work hours and was not compensating employee for all compensable work hours that were reported to PolyOne on its own time clocks.  Matheney is also pursuing an individual claim for all of his unpaid wages under the Indiana Wage Claims Statute.  I.C. 22-2-9.

### II.  FACTUAL ALLEGATIONS

1.   Matheney is a resident of the State of Indiana, and is domiciled in Terre Haute,

Vigo County, Indiana.

2. PolyOne is a large corporation. Its corporate headquarter is believed to be located at 33587 Walker Road, Avon Lake, Ohio 44012. PolyOne operates a plastics manufacturing facility in Terre Haute, Vigo County, Indiana.

3. Matheney is a former employee of PolyOne. Matheney worked for PolyOne at its Terre Haute, Indiana facility as an extruder operator from approximately July 2013 until the date he was terminated on September 19, 2017.

4. PolyOne paid Matheney and his fellow production employees on an hourly-paid basis. Matheney and his fellow production employees are non-exempt for FLSA overtime purposes. Matheney and his his fellow team members routinely worked some overtime hours (hours in excess of forty) during a significant number of workweeks through the year.

5. At its Terre Haute facility, PolyOne utilizes an electronic time clock that records the time each employee begins his/her work each shift and records the time an employee ends his/her work each shift. If PolyOne paid its employees' wages and overtime based upon these time clock punches, PolyOne would likely be in compliance with the FLSA and with Indiana wage statutes.

6. PolyOne does not pay its Terre Haute employees' wages and compensation based upon its own time clock records.

7. Importantly, PolyOne does not record its hourly-paid employees' work time in any other way. The only time records PolyOne has to base its payment of wages are the time records generated by the employee time clock punches.

8. At least at its Terre Haute, Indiana facility, for a lengthy period of time, PolyOne

has employed a practice whereby it significantly adjusts downward and deducts time from its hourly-paid employees' time records and pays its employees for less than their full time worked.

9.      Specifically, at least at its Terre Haute, Indiana facility, PolyOne has been significantly underpaying its employees' wages on a class-wide basis as a result of an illegal time card rounding practice.  All hourly-paid PolyOne employees were similarly subjected to PolyOne's unlawful compensation scheme that required its hourly paid production employees to perform significant work prior to the official scheduled start time of each shift and, to a lesser degree, to perform work after the official scheduled end of each shift.  PolyOne has not and is not paying its employees for this additional work time it requires employees to perform.

10.     Generally, PolyOne has been paying employees based upon officially scheduled shift hours rather than actual hours worked, which are actual, recorded hours of work.  PolyOne has accurate time records, but it ignores them.  Instead, PolyOne has created a system whereby it simply assumes an employee clocked in and worked only from the moment he/she was scheduled to begin work and then clocked out and ceased working immediately upon the employee's scheduled shift end time.  This is particularly troublesome, because PolyOne requires employees to report to work and clock in well before scheduled shift times in order to work.  Each hourly-paid employee begins his/her work day by donning protective gear (called "PPE") that is required by PolyOne and is integral and indispensable to the work performed by each employee.  Each hourly-paid employee ends his/her work day by donning that same protective gear at a locker before clocking out.  PolyOne's employee time records and wage records will make clear the fact that PolyOne failed to pay its employees very substantial wages because it did not pay employees from the moment the employee actually clocked in and began work (donning protective gear)

until the moment the employee clocked out and completed his last principal activity (doffing protective gear).

11. PolyOne's policy and practice of paying employees based upon scheduled shift hours is particularly harmful and results in significant unpaid wages and overtime because PolyOne instructed its Terre Haute employees to report to work at least fifteen (15) minutes prior to his/her scheduled shift start time to engage in what PolyOne supervisors called the "turnover" process. Matheney and his fellow employees were not paid for this required fifteen minute per shift time. Specifically, employees would have to clock in upon arrival at work and begin work by donning necessary PPE. Employees would then have to walk from the locker room to each employee's designated work area and PolyOne required each employee to actually be at his/her work station fifteen (15) minutes before his/her scheduled shift start time. Employees would then discuss work assignments and other work matters with the employee who had worked that same job on the previous shift and assist that employee in the turnover process. The employee would then begin his/her actual production work for the shift.

12. To properly pay employees for all compensable work time, PolyOne had to pay each employee from the moment he/she donned required PPE. All time donning PPE, walking to the work area, and this required fifteen minute "turnover" period prior to the scheduled shift start is compensable work time and should have been paid, but PolyOne failed and refused to pay for all of this work time. This means PolyOne underpaid wages and/or overtime to each employee by fifteen (15) or more minutes every single shift worked.

13. PolyOne also applied a disciplinary policy and practice to its employees which resulted in significant underpayment of wages and overtime compensation. PolyOne would

punish any employee who reported late for work, even if the employee clocked in only one minute after his/her scheduled shift time, by issuing some type of discipline to the employee (e.g., a write up, a disciplinary point, etc..) and by rounding that employee's time clock entry up - in PolyOne's favor only - to the next hour.  For example, if an employee were scheduled to begin work at 3:00 p.m., but clocked in at 3:01 p.m., that employee would be disciplined and PolyOne would also round the employee's work start time up and treat the start of that employee's paid work day as though the employee began work at 4:00 p.m.  In this example, PolyOne would round off and not pay the employee for up to 59 minutes of recorded and actual work time performed that day.  PolyOne applied this policy to Matheney on at least two occasions and underpaid Matheney for his work.

      15.    PolyOne made these adjustments and deprived its employees of pay for actual time worked despite the fact PolyOne's own time records showed its employees were working more time than PolyOne was paying its employees.  PolyOne has been using illegal time card rounding practices.  All of PolyOne's time card rounding practices were performed to PolyOne's benefit and to the harm and detriment of PolyOne's employees.  PolyOne's illegal time card rounding practices (non-neutral time card rounding) violate the FLSA and result in underpayment of overtime compensation.  In the same way, PolyOne's illegal time card rounding practices result in the underpayment of wages, in violation of Matheney's rights under the Indiana Wage Claims Statute.  See I.C. 22-2-9.

      16.    As described above, based upon its long-standing practice of manipulating and downwardly adjusting employee time records, PolyOne has been systematically underpaying its employees significant sums of wages and overtime on a daily basis.  Each employee, including

Matheney, has been underpaid wages and overtime compensation by fifteen (15) or more minutes every single work shift.

17. All of PolyOne's time rounding practices were performed to PolyOne's advantage and to the detriment and harm of PolyOne's employees. PolyOne's time card rounding practices are not neutral.

18. PolyOne intentionally and knowingly violated its employees' rights to earned wages through PolyOne's illegal time card rounding practices.

19. Systematically, PolyOne rounds time off both ends (especially at the beginning of each work shift) of its employees' work shifts to benefit PolyOne and to harm employees. PolyOne underpays wages to its employees by its use of this rounding system. If employees were paid wages on a continuous work day basis - paid from actual time punch in when work starts until actual time punch out when work ended - employees would be paid more wages and more overtime.

20. During many calendar weeks in 2014, 2015, 2016 and 2017, Matheney worked in excess of forty hours and was owed additional overtime compensation based upon PolyOne's unlawful time rounding. In every or virtually every work week, Matheney lost wages as a result of PolyOne's unlawful time rounding. The same is true about overtime and unpaid wages for all of Matheney's former Terre Haute, Indiana coworkers.

21. PolyOne has intentionally, knowingly, with reckless disregard and systematically violated its employees' rights to earned wages through PolyOne's illegal time card rounding practices. PolyOne has intentionally, knowingly, with reckless disregard and systematically violated Matheney and all similarly situated employees' rights to be paid earned wages and to be

paid earned overtime compensation. PolyOne deliberately and intentionally implemented a time card rounding system in order to pay less in wages to its employees than it owed and less than was reported and earned by the employees.

22. Particularly because PolyOne had (and still has) records of its employees' full time worked and simply chose to adjust and reduce the amount of time it paid its employees for work performed, it is clear that PolyOne knowingly and willingly failed and refused to pay Matheney and his fellow hourly-paid coworkers for all time worked.

23. Matheney and all similarly situated coworkers have been harmed by PolyOne's uniform policies and practices of reducing and adjusting time records downward and other types of non-neutral time card rounding practices, all of which profited PolyOne and worked to the detriment and harm of PolyOne's employees. These illegal time record rounding decisions are clearly the product of a conscious policy decision made by PolyOne to manipulate its time records and to pay its employees for less than all time worked.

### III. COLLECTIVE ACTION ALLEGATIONS

24. Matheney incorporates herein by reference paragraphs 1 - 23 above.

25. Matheney brings his claims in his capacity as an individual, and as a collective action on behalf of other current and former PolyOne hourly paid employees who worked for the company at its Terre Haute, Indiana location. All said individuals were common victims of PolyOne's scheme to manipulate and round down its time clock records for its employees in its plan to pay employees less in hourly wages than the employees worked and earned.

26. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b) on behalf of Matheney and on behalf of all PolyOne's

Terre Haute, Indiana hourly-paid employees who were damaged by PolyOne's compensation system which resulted in unpaid work time and unpaid overtime compensation.  By virtue of the "collective action," Matheney represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance.  Matheney anticipates that other PolyOne employees and former employees from the Terre Haute location will opt in to the action.

27.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

28.     Matheney will act to fairly and adequately protect the interests of the entire collective group/class of current and former PolyOne employees.

29.     A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

## IV.  JURISDICTION AND VENUE

30.     This Court has jurisdiction over Matheney's FLSA claims under 28 USC § 1331, as those FLSA claims raise questions of federal law.  See 29 USC § 201 et seq.  This Court has supplemental jurisdiction over Matheney's individual claim under the Indiana Wage Claims Statute, as that claim has a common basis in fact with his FLSA claim.

31. This Court is the appropriate venue for this cause of action as Matheney resides and worked for PolyOne in Vigo County, Indiana, and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

## V.  ADMINISTRATIVE PROCEDURES

32. Matheney has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.  Matheney was involuntarily terminated from employment by PolyOne.  As such, Matheney's wage claim to recover his unpaid and underpaid wages arises under the Indiana Wage Claims Statute, I.C. 22-2-9.  Matheney obtained a letter from the Indiana Attorney General's Office dated October 5, 2017, which permits his attorney to file this wage claim on Matheney's behalf as the Indiana Attorney General's "designee."

## VI.  STATEMENT OF CLAIMS

### A.  Fair Labor Standards Act Claims

33. Matheney incorporates herein by reference paragraphs 1 through 32 above.

34. PolyOne is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA..  PolyOne is an "employer," as that term is defined by the FLSA.  PolyOne is a "person" as that term is defined by the FLSA.

35. PolyOne has violated Matheney's right and the right of every similarly situated coworker of Matheney to be properly paid overtime wages in a manner required by the FLSA.

36. PolyOne has repeatedly violated the FLSA's overtime provisions by not paying Matheney and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

37. PolyOne's failure to comply with the FLSA's provisions regarding overtime

compensation is willful and without justification, and subjects PolyOne to a three year statute of limitations.

38. Matheney and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for PolyOne's violations of their rights under the Fair Labor Standards Act.

### B. Matheney's Individual Indiana Wage Claims Statute Claim

39. Matheney incorporates herein by reference paragraphs 1 through 38 above.

40. PolyOne's failure to pay Matheney all of his earned wages in full and on time, including wages for all hours of work performed by Matheney and recorded on PolyOne's time clock constitutes acts of bad faith. Matheney is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages. Matheney's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

41. By way of this Complaint, Matheney is seeking all available damages, including all unpaid wages resulting from PolyOne's failure to pay Matheney for all of his hours worked, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### VII. PRAYER FOR RELIEF

WHEREFORE, Matheney, individually and on behalf of members of the collective group of current and former Terre Haute, Indiana employees of PolyOne, respectfully requests that the Court enter judgment against PolyOne and issue all available relief to Matheney and to the entire

collective group, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid wages;

3. All statutory damages owed to Matheney under I.C. 22-2-9, which incorporates I.C. 22-2-5-2, including, but not limited to, all treble/liquidated damages, costs, and statutorily authorized damages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Pre-judgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net